UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-147 |
| | ) | (VARLAN/SHIRLEY) |
| CLAUDIO GALVAN, | ) | |
| ARMANDO RODRIGUEZ-RIVEROS, | ) | |
| MARIO ELISEO LOPEZ-GUARDADO, | ) | |
| JULIAN CABELLO-GALVAN, | ) | |
| NANCY Z PATINO-MORENO, | ) | |
| ELOY CONTRERAS TREJO, and | ) | |
| JOSE JUAREZ-SANTOS, | ) | |
| | ) | |
| Defendants. | ) | |

**PRETRIAL ORDER**

This action came before the Court pursuant to a telephone conference on January 20, 2006 in which Jeffrey E. Theodore as counsel for the government and Kim Tollison as counsel for defendant Claudio Galvan, Michael Coleman as counsel for defendant Armando Rodriguez-Riveros, Randall Reagan as counsel for defendant Mario Eliseo Lopez-Guardado, Andrew Roskind as counsel for defendant Julian Cabello-Galvan, Bruce Poston as counsel for defendant Nancy Z Patino-Moreno, Gerald Gulley, Jr. as counsel for defendant Eloy Contreras Trejo, and Charles Poole as counsel for defendant Jose Juarez-Santos, indicated that this Pretrial Order could be entered without the necessity of a formal hearing or pretrial conference.

**I.**

There are no pending motions in this case.

**II.**

Trial procedures to be followed in this case are as follows:

(a) **Jury Selection**. The Court will conduct a preliminary voir dire examination of the jury, and then counsel will be permitted to conduct voir dire examination. The Court reserves the right to interrupt counsel and conduct voir dire on its own if counsel ask improper questions or if the proceedings are unnecessarily prolongated.

(b) **Peremptory Challenges**. Under Fed. R. Crim. P. 24(b)(2), the defendant is entitled to ten peremptory challenges and the government is entitled to six.

(c) **Novel Legal Issues for the Court**. No novel or unusual legal issues were identified as of this time.

(d) **Novel Evidentiary Issues for the Court**. No novel or unusual evidentiary problems were identified as of this time.

(e) **Special Requests for Jury Instructions**. If counsel have any special requests for instructions to the jury, the same shall be filed at least five (5) working days before trial.

(f) **Additional Motions**. No more motions, other than motions in limine, will be allowed to be filed in this cause of action by either side without prior leave of Court to do so, since the motion cut-off date has passed. All motions in limine must be filed at least five (5) working days before trial. Responses to motions in limine are due at least two (2) working days before trial.

(g) **Admissions and Stipulations**. Counsel should meet in advance of trial and carefully review the trial exhibits with a view toward stipulating the admissibility of as many exhibits as possible. Any admissions and stipulations of fact to be used at trial shall be signed by Defendant's attorney and the Defendant and filed at least five (5) working days before trial.

(h) **Courtroom Decorum**. Counsel are encouraged to familiarize themselves with Local Rule 83.3 and ensure that their clients are familiar with the contents of this rule.

### III.

This case will be set for trial before the Honorable Thomas A. Varlan and a jury, to commence at **9:00 a.m. on February 14, 2006**.

If counsel have any objections to this Pretrial Order, such objection should be taken up pursuant to Local Rule 72.4(b), EDTN.

**IT IS SO ORDERED.**

                                        **ENTER:**

                                        <u>s/ C. Clifford Shirley, Jr.</u>
                                        United States Magistrate Judge